# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN NORDEN, | CASE NO. 1:10-CV-00361-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (DOC. 1) |
| Defendants. | |

## Screening Order

**I.      Background**

Plaintiff Ellen Norden ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing her complaint on March 1, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint and Analysis

Plaintiff is incarcerated at Central California Women's Facility ("CCWF") in Chowchilla, California ,where the events giving rise to this action occurred. Plaintiff names as Defendants CDCR, CCWF, and correctional officers C. Galvan and E. Duran.

Plaintiff alleges the following. On July 9, 2008, Plaintiff slipped in standing water on the cement floor while walking. There were no warning signs indicating that the floor was wet. Plaintiff broke her left radius and ulna when she fell. Plaintiff may require biplanar surgery. Plaintiff requests as relief monetary damages.

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

1  "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under
2  this standard, the prison official must not only 'be aware of the facts from which the inference
3  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
4  inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have
5  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
6  matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
7  1188 (9th Cir. 2002)).

8  Here, Plaintiff fails to allege a cognizable claim. There is no allegation to support a
9  finding that any Defendants knew of and disregarded an excessive risk to Plaintiff's health. It
10  appears that Plaintiff alleges at most negligence, which is not a cognizable § 1983 claim.

11  Additionally, Plaintiff names CDCR and CCWF as Defendants. The Eleventh
12  Amendment bars suits against state agencies, as well as those where the state itself is named as a
13  defendant. *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v.*
14  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff names as Defendants the CDCR, a
15  state agency, which has Eleventh Amendment immunity from suit. CCWF is a part of CDCR,
16  and likewise has Eleventh Amendment immunity from suit.

17  **III.    Conclusion And Order**

18  Plaintiff fails to state any cognizable claims against any Defendants. The Court will
19  provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies
20  identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
21  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
22  complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

23  If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.
24  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
25  constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the
26  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
27  ." *Twombly*, 550 U.S. at 555.

28  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 1, 2010**                    /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE