IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN G. NORDEN, | 1:10-CV-00361 DLB (PC) |
| Plaintiff, | ORDER GRANTING MOTIONS FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (DOCS. 13, 15) |
| vs. | |
| CDCR, et al., | THIRTY DAY DEADLINE |
| Defendants. | ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL (DOCS. 12, 14) |
| _____/ | |

On December 15, 2010 and January 20, 2011, Plaintiff filed motions seeking an extension of time to file an amended complaint. Good cause presented to the Court, it is HEREBY ORDERED that Plaintiff's motions for extension of time to file an amended complaint are GRANTED. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file her amended complaint.

On December 15, 2010 and January 20, 2011, Plaintiff filed motions seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

section 1915(e)(1). *Rand*, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

    In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims. *Id.*

    For the foregoing reasons, plaintiff's motions for the appointment of counsel is HEREBY DENIED, without prejudice.

    IT IS SO ORDERED.

Dated: **January 21, 2011**                    /s/ **Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE