# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN NORDEN, | CASE NO. 1:10-CV-00361-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (DOC. 17) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| Defendants. | |

## Screening Order

**I.      Background**

Plaintiff Ellen Norden ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 1, 2010. On December 2, 2010, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend. Plaintiff filed her first amended complaint on February 25, 2011. Doc. 17.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Amended Complaint and Analysis

Plaintiff is currently incarcerated at Central California Women's Facility ("CCWF") in Chowchilla, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants C. Galvan and E. Duran, correctional officers at CCWF.

Plaintiff alleges the following.  Plaintiff slipped in standing water on a cement floor while she was walking.  There were no warning signs that the floor was wet.  The fall broke Plaintiff's left radius and ulna at her wrist.  Plaintiff was informed she may need biplanar surgery. The water came from an ice bag provided to another inmate, who did not have an ice chrono. Defendant Galvan was aware of this and allowed the ice in the unit anyway.  Plaintiff requests as relief monetary damages.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials

2

1  knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511
2  U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on
3  the part of the official is not sufficient to establish liability, but rather, the official's conduct must
4  have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

5      Plaintiff's allegations amount at most to negligence. Plaintiff thus fails to state a § 1983
6  claim.

7  **III.**  **<u>Conclusion And Order</u>**

8      Plaintiff fails to state a claim against any Defendants. The Court provided Plaintiff with
9  an opportunity to cure the deficiencies identified in her complaint, but Plaintiff was unable to do
10 so. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122,
11 1127 (9th Cir. 2000) (en banc).

12     Based on the foregoing, it is HEREBY ORDERED that

13     1.    This action is dismissed for Plaintiff's failure to state a claim upon which relief
14         may be granted under 42 U.S.C. § 1983; and

15     2.    This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

16     IT IS SO ORDERED.

17     Dated:   **May 16, 2011**           /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE